LEVI GOLDENBURG and others, Respondents, v. JACOB
HOFFMAN, JULIUS WEINBERG and HENRY WEIN-
BERG and WILLIAM WEINBERG, Appellants.

*Purchase of claims against a failing debtor — compromise with creditors — payment
to some creditors in excess of compromise price — effect of.*

If a person who purchases from the creditors of a failing debtor his debts at a
stipulated per centum, and takes an assignment to himself, is acting purely as
the agent of the debtor, the assignment may be considered as in substance a
compromise made by the debtor himself; but, if he takes the title of the debt
to himself for a valuable consideration, paid by himself, so that he is at liberty
to enforce it himself against the original debtor, the transaction is one of pur-
chase and sale, wherein the liability of the debtor passes from the original
creditor to the purchaser, and the debt is not compromised in such manner
that the original creditor can enforce any balance of the indebtedness, by
proving simply that other creditors received more than himself.

Appeal by defendants from a judgment entered in favor of the
plaintiff, upon the report of a referee, in an action to recover a
balance of indebtedness due from defendants Jacob Hoffman and
Julius Weinberg, the assignors of the other parties defendant.

*Cornelius A. Runkle*, for the appellants.

*William Strauss*, for the respondents.

Davis, P. J.:

Jacob Hoffman and Julius Weinberg, two of the defendants,
were copartners in trade and carried on business in Providence,
Rhode Island, under the firm name of Hoffman & Weinberg.
They were indebted to the plaintiffs, in June, 1873, in the sum of
$2.373, and to other creditors in from $18,000 to $20,000.

The defendants Henry Weinberg and William Weinberg were
copartners in trade, carrying on business in Worcester, Massachu-
setts, under the firm name of Weinberg & Brother. Hoffman &
Weinberg being in embarrassed circumstances, made an arrange-
ment with Weinberg & Brother, who undertook with them to pur-
chase from their various creditors their respective claims against

them, in consideration of the transfer to them by Hoffman & Weinberg of their stock of goods at Providence. Weinberg & Brother entered into an agreement with the various creditors of Hoffman & Weinberg, including the plaintiffs, which is set forth in the case in the following words: "We the undersigned, creditors of Hoffman & Weinberg, of Providence, Rhode Island, for valuable consideration, hereby agree with Messrs. Weinberg & Brother, of Worcester, Massachusetts, and with each other, to sell, assign and transfer unto them all our claims against the said Hoffman & Weinberg, on their paying to us twenty-five per cent thereof in cash, and their notes for twenty-five per cent, indorsed by the said Hoffman & Weinberg at four and eight months, in equal installments, bearing date the 1st of July, 1873. Witness our hands and seals, this 12th day of June, 1873."

This agreement was subscribed by a large number, but not by all of the creditors.

Weinberg & Brother paid the twenty-five per cent in cash and gave their notes for the remaining twenty-five per cent, in accordance with the agreement, indorsed by said Hoffman & Weinberg; and Hoffman & Weinberg, afterwards, by an instrument set forth in the case, sold and transferred to Weinberg Brothers all their stock of goods, of every kind, nature and description, in their store at Providence, Rhode Island, in consideration of their services in effecting a settlement of the copartnership debts of Hoffman & Weinberg, and of obtaining the release from the creditors of said firm of their partnership debts.

The plaintiffs were paid by Weinberg & Brother the amount of the indebtedness of Hoffman & Weinberg stipulated for in the agreement first mentioned. It was proved on the trial that some of the creditors of Hoffman & Weinberg — amongst whom were two who had signed the agreement first above mentioned — were paid more than fifty per cent; and the referee, upon this proof, has found that all the defendants in this action were liable for the full amount of the indebtedness of Hoffman & Weinberg to the plaintiffs.

There does not seem to be any ground or principle of law upon which the defendants Henry and William Weinberg, composing the firm of Weinberg & Brother, can be held liable for the balance

of the indebtedness of Hoffman & Weinberg, upon the facts proved or found in this case. The plaintiffs sold and assigned that indebtedness to them for the consideration expressed in the agreement of sale above referred to. It is not shown that they practiced any fraud upon the plaintiffs, by reason of which they are entitled to rescind the sale, or to recover for any damages sustained by reason of such fraud; and there is no evidence that Weinberg & Brother undertook and promised to pay any greater amount than they are shown to have paid for the transfer of the debt to them. They were not liable upon the original indebtedness, and they were not shown on the trial to have received any amount, either of money or property, under their agreement with Hoffman & Weinberg, for which they are in law or in equity bound to account to the plaintiffs. Whatever, therefore, may be the liability of Hoffman & Weinberg for the balance of their own indebtedness to plaintiff, it seems to us very clear that the judgment against the defendants Henry and William Weinberg cannot be sustained.

The case is not the ordinary one of a compromise between debtor and creditor; and, perhaps, it cannot be justly said that the arrangement was made by the creditors upon the implied or expressed agreement on the part of Hoffman & Weinberg that none of their creditors should receive more than the sum for which those who signed the agreement of sale transferred their demands to Weinberg & Brother. They saw fit to make a sale and transfer of their claims against Hoffman & Weinberg to Weinberg & Brother by which unless some fraud be shown which will operate to vacate the sale, the latter became the owners of the several demands and entitled so far as the instrument shows, to enforce them against Hoffman & Weinberg. It was shown that, subsequently, Hoffman & Weinberg transferred to Weinberg & Brother all their stock of goods in Providence; but the value of the stock was not shown, nor does it appear what was realized from the transaction by Weinberg & Brother. The transaction is one where a third person steps in and purchases from the creditors of a failing debtor his debts at a stipulated per centum, and takes an assignment to himself. If he is acting purely as the agent of the debtor, and takes the assignment for the benefit of the debtor, and

that fact clearly appears, the assignment may doubtless be considered as in substance a compromise made by the debtor himself; but if he takes the title of the debt to himself for a valuable consideration paid by himself, so that he is at liberty to enforce it himself against the original debtor, the transaction is one of purchase and sale, wherein the liability of the debtor passes from the original creditor to the purchaser, and the debt is not compromised in such manner that the original creditor can enforce any balance of the indebtedness by proving simply that some other creditors received more than himself upon the sale of his claim.

The findings of the referee and the proof in this case do not go far enough to show that the transaction between Weinberg & Brother and the creditors of Hoffman & Weinberg was, in its legal effect, a compromise for the benefit of the debtors; and such evidence did not therefore uphold the demand as against the defendants Hoffman and Julius Weinberg.

We do not see any grounds upon which a recovery could be had in this action against Henry and William Weinberg; but perhaps facts may be shown, upon a new trial, sufficient to uphold the recovery against the other defendants.

Judgment must be reversed, new trial ordered, costs to abide event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, new trial ordered, with costs to abide the event.